IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case Nos. CV-05-293-S-BLW |
| Plaintiff, | ) | CR-03-109-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| FLORENTINO VILLEGAS-DELGADILLO, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1), Motion for Appointment of Counsel (Docket No. 2); Motion for Abeyance, for Request for Documents, and for Leave to Amend or Supplement Motion to Vacate (Docket No. 3); and Motion for Order Directing Discharged Counsel to Return File and Records (Docket No. 4).

Having reviewed the record, and being otherwise fully informed, the Court enters the following Order.

**Memorandum Decision and Order - 1**

## BACKGROUND

On February 3, 2004, Defendant was sentenced to a term of imprisonment of 135 months after pleading guilty to conspiracy to possess with intent to distribute, distribution of methamphetamine, distribution of heroin, and deported alien found in the United States. *See* Judgment (Docket No. 55 in CR-03-109-S-BLW). He did not appeal his conviction or sentence. On July 8, 2005, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-05-293-S-BLW) alleging ineffective assistance of counsel for (1) failure to file a notice of appeal, and (2) failure to pursue with the Government a sentence reduction pursuant to Fed. R. Cr. P. 35(b)(2) based on post-sentencing substantial assistance.

## SECTION 2255 MOTION

Title 28 U.S.C. § 2255 provides several grounds under which a federal court may grant relief to a federal prisoner who challenges or collaterally attacks the imposition or length of his incarceration. A § 2255 motion must be filed within one-year from the latest of several potential dates under 28 U.S.C. § 2255 (paragraph 6). The relevant date in this case is the date on which Defendant's judgment of conviction became final which was February 13, 2004, the date that the time for appealing his judgment had passed. *See United States v. Colvin*, 204

**Memorandum Decision and Order - 2**

F.3d 1221 (9th Cir. 2000).  Thus, Defendant was required to file his § 2255 Motion by February 13, 2005.  Defendant did not do so until five months after that date.  Therefore, absent equitable tolling, Defendant's § 2255 motion is time-barred.

Although the Court can raise the statute of limitations *sua sponte*, it cannot dismiss the proceeding without first giving Defendant notice that his motion would be subject to dismissal as untimely and an opportunity to respond as required by *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). Therefore, ordinarily when a § 2255 Motion is untimely on its face, the Court will direct the defendant to demonstrate either (1) that his motion was timely, or (2) that he is entitled to equitable tolling because *extraordinary circumstances beyond his control* made it impossible for him to file his motion on time.  *See United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999).  Grounds sufficient for equitable tolling are "highly fact-dependent."  *Whalen/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).  It is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Here, Defendant has already provided the Court with the very type of response the Court would have invited with a *Herbst* notice.  *See* Sworn Affidavit (Docket No. 5 in CV-05-293-S-BLW).

Defendant states that his attorney told him after sentencing that he would file

**Memorandum Decision and Order - 3**

a notice of appeal and that Defendant should cooperate with the Government in order to get a Rule 35 reduction in sentence. *Id.* at ¶¶ 6 and 7. Defendant further states that his attorney advised him that the appeal and Rule 35 process would take up to two years. *Id.* at ¶ 8. Defendant's attempts to contact defense counsel after he provided assistance to the Government were unsuccessful. *Id.* at ¶ 11. When his wife contacted defense counsel, he again told her that the appeal could take two years. *Id.* After finding out from an inmate on or about May 10, 2005 that appeals rarely take two years and that a Rule 35 motion is filed by the Government and not defense counsel, Defendant promptly sent letters to the Ninth Circuit Court of Appeals and to his defense counsel inquiring about the status of his appeal. *Id.* at ¶ 12. The Ninth Circuit advised Defendant by letter dated May 26, 2005 that no appeal had been filed. Defense counsel never responded. *Id.*

The Court will not make a finding on the equitable tolling issue without providing the Government with the opportunity to be heard. Therefore, the Government shall file a response not only to the equitable tolling issue, but also to the substantive claims of the § 2255 Motion, within thirty (30) days from the date of this Order. Defendant shall have thirty (30) days from the date of his receipt of the Government's response to file a reply to any issue raised in the response.

## MOTION FOR APPOINTMENT OF COUNSEL

**Memorandum Decision and Order - 4**

There is no constitutional right to counsel for a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The right to counsel "extends to the first appeal of right, and no further." *Id.* Although appointment of counsel is not constitutionally guaranteed in a collateral attack of a conviction, the decision of whether to appoint counsel for such matters is within the discretion of the district court. *See United States v. Harrington*, 410 F.3d 598, 599 (9th Cir. 2005).

Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that the Court *must* appoint counsel to represent a defendant who qualifies for appointed counsel under 18 U.S.C. § 3006A if an evidentiary hearing is warranted. Under the Rule, the Court *may* appoint counsel for a qualifying defendant at any other stage of a 2255 proceeding. Furthermore, 18 U.S.C. § 3006A itself provides that the Court *may* appoint counsel for a qualifying defendant seeking relief under § 2255 if it determines "that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The Court finds that Defendant has adequately articulated the claims he is asserting in his § 2255 Motion. At this time, it is premature to appoint counsel for Defendant. The Court will consider the Government's response before making a determination regarding appointing counsel. Accordingly, Defendant's Motion for

**Memorandum Decision and Order - 5**

Appointment of Counsel is denied.

## MOTION FOR ABEYANCE, FOR REQUEST OF DOCUMENTS, AND FOR LEAVE TO AMEND

Defendant states that his § 2255 Motion is incomplete because he does not have any documents from his criminal case. He requests that the Court or the Government furnish him with a complete copy of his criminal file, including transcripts, and that the Court hold his § 2255 proceedings in abeyance until he has had an opportunity to review the materials and amend his § 2255 Motion.

The Court will not provide Defendant with a complete copy of his criminal file but will provide copies of (1) the docket, (2) his plea agreement (Docket No. 35); (3) minute entry of the plea hearing held on September 26, 2003 (Docket No. 36); (4) minute entry of the sentencing hearing held on February 3, 2004 (Docket No. 54); and (5) the judgment (Docket No. 55).

A federal prisoner does not have an absolute right to any transcripts of his criminal proceedings in order to prepare a § 2255 motion. *See United States v. MacCollum*, 426 U.S. 317 (1976). However, after a § 2255 motion is filed, transcripts may be furnished to a prisoner at Government expense (1) if the prisoner is entitled to proceed *in forma pauperis*, and (2) the Court certifies that the claim raised in the § 2255 proceeding is not frivolous *and* the transcript is needed to decide the motion. *See* 28 U.S.C. § 753(f).

**Memorandum Decision and Order - 6**

The Court notes that Defendant has not requested *in forma pauperis* status.[1] Therefore, he is not entitled to transcripts at Government expense. However, even if he were to apply for and qualify for *in forma pauperis* status, he would not be entitled to transcripts at Government expense. Transcripts are not necessary to decide the issues presented in Defendant's § 2255 Motion. Whether he instructed defense counsel to file a notice of appeal or defense counsel told Defendant that he would pursue a Rule 35 motion will not be revealed in the plea and sentencing hearing transcripts. As to any issues not raised in the § 2255 Motion, the request is premature.

Defendant's motion to hold these § 2255 proceedings in abeyance and for leave to amend his § 2255 Motion is denied. If the Court determines that his § 2255 Motion is not time-barred, the Court will then consider whether to allow Defendant to amend.

---

[1] Although there is no fee required for filing a § 2255 motion and therefore no need to file an *in forma pauperis* affidavit at the commencement of the proceeding, it is advisable to do so. Then there will be no need for an indigency adjudication later in the proceedings if it becomes necessary to appoint counsel or grant Defendant any other rights to which an indigent is entitled. *See* Advisory Committee Notes to Rule 3 of Rules Governing Section 2255 Proceedings.

**Memorandum Decision and Order - 7**

## MOTION FOR ORDER DIRECTING RETURN OF FILES

Defendant seeks an order directing defense counsel to provide his entire file. Defendant was represented by retained counsel, George P. Trejo, Jr., of Yakima, Washington. Defendant and/or his wife have made repeated attempts to obtain his file from Mr. Trejo which have been ignored or refused.

Some jurisdictions permit an attorney to retain files as security for an unpaid fee. The Court is unaware of whether the State of Washington is one of those jurisdictions or whether any part of Mr. Trejo's fee is unpaid. Accordingly, Mr. Trejo is ordered to advise the Court of the reason the file is not being provided to Defendant.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Government respond to Defendant's § 2255 Motion within thirty (30) days from the date of this Order. Defendant shall have thirty (30) days from the date of his receipt of the Government's Response to file a reply.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Appointment of Counsel (Docket No. 2) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Abeyance, for Request of Documents, and For Leave to Amend or Supplement

**Memorandum Decision and Order - 8**

Motion to Vacate is GRANTED IN PART and DENIED IN PART.  The Clerk of Court shall provide copies of the following documents from Case No. CR-03-109-S-BLW: (1) the docket, (2) Plea Agreement (Docket No. 35); (3) minute entry of the plea hearing held on September 26, 2003 (Docket No. 36); (4) minute entry of the sentencing hearing held on February 3, 2004 (Docket No. 54); and (5) the Judgment (Docket No. 55).  The Motion is denied in all other respects.

  IT IS HEREBY ORDERED that a Copy of this letter shall be sent to George P. Trejo, Jr. at Trejo Law Offices, 701 North 1st Street, #103, Yakima, Washington 98901.

  IT IS FURTHER HEREBY ORDERED that Attorney George P. Trejo, Jr. show cause why he has not provided Defendant's file to him.

DATED:  November 21, 2005

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 9**